NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Fred L. SEEMAN, Individually and as Administrator of the Estate of Helene K. SEEMAN, and Curtis Jay Zuker SEEMAN,<br><br>    Plaintiffs,<br><br>  v.<br><br>Amy LOCANE and Mark C. BOVENIZER, Carlos SAGEBIEN, and Rachel SAGEBIEN,<br><br>    Defendants. | Civ. No. 10-6597<br><br>OPINION |

THOMPSON, U.S.D.J.

This matter is before the Court upon Defendants' motion to disqualify Parker Waichman LLP as Plaintiffs' counsel. (Docket No. 77).

On December 20, 2010, the firm Parker Waichman LLP filed a complaint on behalf of Fred L. Seeman, individually and as Administrator of the Estate of Helene K. Seeman and their son, Curtis Jay Zuckerman Seeman. (*Id.*). The Complaint stated that Ms. Locane was operating her vehicle under the influence and caused severe injuries to Fred Seeman and fatal injuries to his wife, Helene Seeman. (*Id.*). The Complaint also asserted a claim on behalf of Curtis Jay Zuckerman Seeman based on his witnessing his mother's death. (*Id.*).

Defense counsel claims that Parker Waichman LLP's representation of all plaintiffs is a concurrent conflict of interest. Under the Rules of Professional Conduct, a concurrent conflict of

interest exists if:

> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

Rule 1.7(a). Notwithstanding the existence of a concurrent conflict of interest, a lawyer may represent a client if the following are true:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent.

Rule 1.7(b).

Here, Plaintiffs have satisfied the standard set forth by Rule 1.7(b) to allow Parker Waichman LLP's representation to continue. Parker Waichman LLP claims that it believes that it will be able to provide competent and diligent representation to all the Plaintiffs. (Docket No. 80). Plaintiffs have represented that they have been aware of any potential conflicts of interest since the inception of this case. (*Id*., Exs. B, C, D). Plaintiffs also have represented that they have been advised, both by present counsel and independently, of the risks, advantages and disadvantages of their present, common representation. (*Id*., Exs. B, C, D). Plaintiffs additionally have waived any conflicts in writing. (*Id*., Exs. B, C, D). Therefore, Defendants' motion to disqualify is denied. An appropriate order will follow.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Date: 8/5/14