LAW OFFICES OF
# DALY, LAMASTRA & CUNNINGHAM

ELIZABETH A. DALY**
JOHN E. LAMASTRA▪
WILLIAM P. CUNNINGHAM
JOSEPH F. SKINNER

_____

*Of Counsel*
MARIE SEITZ*
JONATHAN E. HILL**
JACQUELINE C. PIRONE**
CAREN LITVIN**

ATTORNEYS AT LAW
NOT A PARTNERSHIP OR PROFESSIONAL CORPORATION

202 Hall's Mill Road
P O BOX 1675
WHITEHOUSE STATION, NJ 08889-1675

(908) 572-3600
FACSIMILE:  (908) 572-4045

Four Penn Center, Suite 500
1600 JFK Boulevard
PHILADELPHIA, PA 19103
(*Please reply to Whitehouse Station, NJ*)

OLIVIER J. KIRMSER**
JOHN D. GULYAS
PETER K. BARBER
MICHAEL S. SCHWARTZ
DAVID L. BURNETT
M. ELIZABETH DUFFY*
ELLEN M. BOYLE*

*New Jersey and New York Bars
**New Jersey and Pennsylvania Bars
▪Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

May 18, 2015

**VIA ELECTRONIC FILE**
Honorable Lois H. Goodman, U.S.M.J.
Clarkson South Fisher Federal Building
& U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

   Re: Fred Seeman, et al. v. Amy Locane, et al.,
      Docket No. 3:10-cv-06597-AET-LHG

Dear Judge Goodman:

  Please accept the following letter as Defendants/Third Party Plaintiffs Carlos Sagebien and Rachel Sagebien's response to plaintiff's settlement position in this matter.

**Comparative Negligence Act**

  The Comparative Negligence Act ("Act") allows for the apportionment of negligence and damages among all parties who are at fault. See N.J.S.A. 2A:15-5.1 et. seq. "Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or injury to person or property, if such negligence was not greater than the negligence of the person against whom recovery is sought or was not greater than the combined negligence of the persons against whom recovery is sought." Id. § 5.1.

Honorable Lois H. Goodman, U.S.M.J.
May 18, 2015

The Appellate Division has stated, "New Jersey law favors the apportionment of fault among responsible parties. … The Comparative Negligence Act mandates the apportionment of fault where the 'question of liability is in dispute.'" Boryszewski ex rel. Boryszewski v. Burke, 360 N.J. Super. 361, 374-75 (App. Div. 2005) (internal citations omitted). The Supreme Court of New Jersey has simplified that Act as follows:

> Under the comparative negligence statute, N.J.S.A. 2A:15-5.1, if the plaintiff's negligence was the primary cause of the injury, then recovery is barred. On the other hand, if it is found that his negligence is not greater than the negligence of the combined negligence of the persons against whom recovery is sought, he can recover with an appropriate reduction in the award. Id.
> [DeRobertis by DeRobertis v. Randazzo, 94 N.J. 144, 156 (1983).]

The Court has also explained that the concept of comparative negligence reflects "a judicial and legislative judgment that a plaintiff's own conduct should be considered in evaluating his personal injury claim against another." Id. at 166.

The Sagebiens have a valid claim for comparative negligence against Mr. Seeman because liability is an issue due to Mr. Seeman's apparent failure to yield while making the left turn. The main requirement in apportioning under the Act is that liability is in dispute. If Mr. Seeman did, in fact, fail to yield, that failure places liability in dispute and could give rise to a finding of negligence on the part of Mr. Seeman as well; therefore, a claim of comparative negligence is appropriate.

**Joint Tortfeasors Contribution Law**

For the purpose of the Joint Tortfeasors Contribution Law ("Law"), the term 'joint tortfeasors' is defined as "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of

Honorable Lois H. Goodman, U.S.M.J.
May 18, 2015

them." N.J.S.A. 2A:53A-1.  A "right of contribution exists among joint tortfeasors."  N.J.S.A. 2A:53A-2.  Finally, with regards to contribution, the Law provides:

> Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share; but no person shall be entitled to recover contribution under this act from any person entitled to be indemnified by him in respect to the liability for which the contribution is sought.
> [N.J.S.A. 2A:53A-3.]

A 1970 New Jersey Supreme Court case dealt with an accident that involved a driver-husband, a passenger-wife, who died in the accident, and their two minor children. France v. A.P.A. Transport Corp., 56 N.J. 500 (1970).  There, the defendants "counterclaimed for contributions against the plaintiff, individually, for all sums found due to the estate of his wife under the survival and death action." Id. at 501.  The main issue in France dealt with the minor children and the parent-child tort immunity.  Ibid.  However, before eventually holding that such immunity did not bar the defendants counterclaim in that situation, the Court stated, "[i]f there were no minor children involved in this case, defendants would be entitled, under [Immer v. Risko, 56 N.J. 482 (1970)], to assert their counterclaim for contribution against the plaintiff under the Joint Tortfeasors Contribution Law.  N.J.S.A. 2A:53A-1 et. seq." Id. at 502.  Therefore, a counterclaim for contribution under the Law, brought by a defendant against the driver of a car that was involved in an accident, which resulted in the death of the passenger-wife, is a valid claim.  The Court does not note whether the plaintiff was potentially liable for the accident; rather it is explained that in the case of a husband and wife, the defendant may validly assert a counterclaim for contribution.

Honorable Lois H. Goodman, U.S.M.J.
May 18, 2015

Here, the situation is nearly indistinguishable from the one described by the Court in France. Mr. Seeman is the Plaintiff, who was the driver of the car. There are also claims being made by the wife's estate. A counterclaim by the Sagebiens for contribution from Plaintiff under the Law would be appropriate under the authority of France. Further, it is bolstered by the fact that it is argued that Mr. Seeman failed to yield while turning, therefore qualifying him as a tortfeasor who could be partially responsible for the accident and the resulting death of Mrs. Seeman.

Mr. Seeman's carrier poses a procedural issue in an attempt to avoid payment if Mr. Seeman is found liable (less than 60%) for the accident. They argue that payment on behalf of Mr. Seeman cannot be made to his son or Wife's Estate, because neither of these parties have a direct claim against Mr. Seeman. Further, a failure to bring a direct claim against Mr. Seeman will only result in a deduction of the plaintiff's award by the percentage of negligence found against Mr. Seeman, but will not result in payment to co-plaintiffs.

Plaintiff's over simplistic argument ignores the fact that the defendants have a counter-claim against Mr. Seeman which they have a right to pursue. In the event that the Sagebiens are assessed with 60% or more liability, they have a right to pursue Mr. Seeman for his percentage of liability. Mr. Seeman would be required to compensate the Sagebiens for the amount assessed against Mr. Seeman.

Even if the Sagebiens or other defendants are assessed an amount of liability less than 60%, they may still have a right to pursue Mr. Seeman for contribution. The lack of a direct claim against Mr. Seeman is merely a procedural issue which can be easily overcome by the plaintiffs asserting a direct claim against Mr. Seeman, or in the alternative, the trial Judge properly instructing the jury and creating an appropriate verdict sheet. If a direct claim is not

Honorable Lois H. Goodman, U.S.M.J.
May 18, 2015

brought against Mr. Seeman, then the Court may instruct the jury in a manner which allows for contribution by Mr. Seeman as a joint tortfeasor. The Court may find this to be the only sensible way to handle this matter.

While plaintiffs should be more concerned about a scenario which reduces the plaintiff's award by the percentage of negligence found against Mr. Seeman, I would submit that a Court may treat Mr. Seeman as a joint tortfeasor. The Court will determine whether co-plaintiffs should suffer financially due to a procedural pleading issue to the benefit of Mr. Seaman's' insurance carrier.

Very truly yours,
DALY, LAMASTRA & CUNNINGHAM

John E. Lamastra

JEL:mlk
cc:   Via Electronic Filing
      Raymond C. Silverman, Esq.
      Linton W. Turner, Jr. Esq.
      Kevin M. Hart, Esq.
      Louis J. DeMille, Jr., Esq.
      Stephen A. Rudolph, Esq.
      Kathleen Eustace, Esq.