UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------- X

FRED SEEMAN, *Individually and as*
*Administrator of the Estate of* HELENE K.
SEEMAN and CURTIS JAY ZUKER SEEMAN,                 Docket No. 3:10-CV-6597
                                                                           [AET - LHG]
                        *Plaintiffs,*

              *- against -*                                         *Motion Date:* September 24, 2015

AMY LOCANE and MARK C. BOVENIZER,

                        *Defendants.*

*And other related third-party actions.*
-------------------------------------------------------------- X

## BRIEF OF PLAINTIFFS
## IN SUPPORT OF MOTION
## TO APPEAL MAGISTRATE JUDGE'S ORDER

*Preliminary Statement*

      This brief is submitted by Plaintiffs in support of their appeal pursuant to F.R.C.P

Rule 72 of the Order [Doc. No. 112] [*"Order"*] of Magistrate Judge Lois H. Goodman,

dated August 18, 2015. **Exhibit "A".** The Order, which followed letter briefing by the

parties and oral argument by telephone conference on August 14, 2015 [**Exhibit "B"**],

stayed all "formal discovery as to [Defendant] Amy Locane [*"Locane"*] until further order

of the Court." Order at 2. In addition, the Order provided that the parties could only

proceed with "limited discovery which does not interfere with Amy Locane's 5th

amendment rights." *Id.*[1]

---

[1] By handwritten note on the face of the Order, the Magistrate Judge also instructed counsel

1

**STATEMENT OF FACTS**

The Order was the result of Plaintiffs' desire to take Defendant Locane's deposition. In a telephone conference on July 16, 2015, the Magistrate Judge invited comments by the parties as to whether Plaintiffs should be permitted to depose Locane.

Plaintiffs alleged in the complaint that Locane had killed Plaintiffs' decedent in a vehicular homicide while she was intoxicated. The criminal charges against Locane arising from that incident had resulted in her conviction in state court, after trial; a conviction which Locane is presently challenging on appeal.[2] During the pendency of the criminal charges, the District Court had issued a protective order, dated January 31, 2011, suspending all discovery and responsive pleading in this case. Doc. No. 103. That stay was vacated upon her conviction. Letter of Herbert L. Waichman, Esq. (counsel for Plaintiffs), dated December 17, 2012, endorsed "So Ordered" on December 19, 2012. Doc. No. 215.

Locane took the position during the Magistrate Judge's letter briefing that notwithstanding her conviction, the pending appeal entitled her to invoke a blanket application of the 5th Amendment privilege against self-incrimination; so broad as to even preclude her appearance at her deposition and invoking the privilege as to particular questions. "Until such time as Ms. Locane's appellate rights have been exhausted, she

---

to "update the Court as to the scope of the remaining discovery and Locane's appeal by October 30, 2015", the date by which the Magistrate Judge had required the "limited discovery" allowed by the Order to be completed. Order at 2.

[2] In addition to Locane's appeal of her conviction, the State of New Jersey is also appealing the sentence which was imposed on Locane by the court.

cannot be produced for a deposition in this matter." Letter of Joshua P. Locke, Esq. (counsel for Locane), dated July 31, 2015 [*"Locke Letter"*], at 1 [Doc. No. 103]. In essence, until her appeal is "concluded" and her "appellate rights have been exhausted," Locane argued, she "still retains her fundamental right against self-incrimination." *Id.* at 3. "In the interest of justice," her counsel submitted, "Ms. Locane should not be forced to choose between asserting her Fifth Amendment rights or forfeiting the civil case." *Id.*

Plaintiffs took the position that appearing for her deposition did not impact Locane's 5th Amendment privilege at all. A witness must stand for deposition under Fed. R. Civ. P. 30 and the presence of a testimonial privilege does not excuse that obligation. Certainly, a witness may invoke the 5th Amendment with respect to any question posed during the examination, but the Fifth Amendment does not permit a party to assert a "blanket privilege" prior to the posing of questions. *National Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595, 599 (3d Cir. 1980) [witness may not invoke a blanket Fifth Amendment privilege prior to the answering of any questions]; accord. *Brock v. Gerace*, 110 F. R. D., 58, 62 (D.N.J. 1986). In this regard, Plaintiffs argued that until such time as Locane is deposed in this matter and elects, *if she so chooses,* to *assert* the privilege to *specific* questions, it is sheer speculation to argue that an adverse inference will be permitted to be drawn against her at trial based on her invocation of the privilege.

The Order granted by the Magistrate Judge halted all discovery proceedings as to Locane and did not require her to stand for deposition and invoke the 5th Amendment as to specific questions. This Order was clear error by the Magistrate and should be overturned by this Court on this appeal pursuant to Rule 72.

## POINT I

### LOCANE HAS ALREADY RESPONDED TO SPECIFIC QUESTIONS REGARDING HER INVOCATION OF THE 5th AMENDMENT AND CANNOT BE HEARD TO COMPLAIN AS TO THAT PROCEDURE NOW

Invoking the 5th Amendment in response to specific questions produces no choice, Hobbesian or otherwise, between criminal or civil rights until such time as that refusal to answer is used by one tribunal or the other to affect such rights. This case provides its own best example of that principle.

On October 31, 2014, after the lifting of the stay by the District Court and prior to the entry of the stay by the Magistrate Judge at issue here, Locane responded to the interrogatories of not only Plaintiffs, but those of Defendants-Third Plaintiffs Carlos and Rachel Sagebien as well. Defendant/Third Party Plaintiff Amy Locane's Responses to Plaintiffs' First Set of Interrogatories, dated October 31, 2014, annexed hereto as ***Exhibit "C"***; Defendant/Third Party Plaintiff Amy Locane's Responses to Defendants Carlos Sagebien and Rachel Sagebien First Set of Interrogatories, dated October 31, 2014, annexed hereto as ***Exhibit "D"***. Both sets of interrogatories were certified personally by Locane as true. *Id.* Locane answered some questions, *e.g.* "State the names and addresses of all persons known to you who have knowledge of any facts relevant to this case . . . ." [Exhibit "A" at Interrogatory No. 5] and invoked the 5th Amendment as to others, *e.g.*, "Answering defendant elects to assert her Fifth Amendment rights at this time in response to this Interrogatory." [Exhibit "A" at Interrogatory No. 12]. As to some interrogatories, Locane invoked doctrines other than the 5th Amendment as grounds for refraining to

4

answer, *e.g.* the "work product rule" as to Interrogatory No. 7 [statements obtained from others who are not parties] or more common grounds for objection, *e.g.*, "This interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information." [Interrogatory No. 8].  Locane did *not*, however, refuse to answer the demand for interrogatories upon a blanket assertion of the 5th Amendment as suggested below.  Instead, Locane invoked her 5th Amendment privilege in a proper procedural manner, responding to specific questions.

For some reason, Locane finds a similar process, applied to *deposition* testimony, offensive; that the answering of *interrogatories* poses no choice "between asserting her Fifth Amendment rights or forfeiting the civil case," but her answering *deposition* questions in the same manner does. Compare Doc. No. 103 at 3.  In reality, of course, there is no difference between the two for evidentiary purposes, as Rule 33 "provides that answers to interrogatories 'may be used to the same extent as provided in Rule 26(d) for the use of the deposition of a party.'" *Treharne v. Callahan*, 426 F.2d 58, 61 (3d Cir. 1970) [if Rule 26(d) allows use of deposition testimony of deceased at trial, then so does Rule 33 as to use of interrogatories of dead party]; *see also Dooley v. Scottsdale Ins. Co.*, Civil Action No. 12-1838 (JEI/KMW), 2015 WL 685811 (D.N.J. Feb. 18, 2015) [Rule 56(c) allows the grant of summary judgment based upon, *inter alia*, depositions or answer to interrogatories].

In this case, as in all others, the 5th Amendment must be invoked not in a talismanic, blanket, general incantation, but in response to specific questions which will allow the Court to determine the propriety of the taking of the privilege, its scope and its

5

borders, especially in light of its later use at trial.  As discussed below, this is particularly critical where the witness invokes the privilege pre-trial only to waive it later at trial, thus denying the opposing party any discovery or preparation at all.

In light of Locane's specific, question by question invocation of the 5th Amendment privilege in her interrogatories, she can scarcely deny Plaintiffs the right to take her deposition in this case under the same terms.

## POINT II

### A BLANKET INVOCATION OF THE PRIVILEGE AGAINST SELF-INCRIMINATION IS IMPERMISSIBLE IN THIS CIRCUIT

In this circuit, as well as others, a blanket invocation of the 5th Amendment privilege is impermissible.  *National Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595, 599 (3d Cir. 1980) [witness may not invoke a blanket Fifth Amendment privilege prior to the answering of any questions]; *accord.  In re Turner*, 309 F.2d 69 (2d Cir. 1962); *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969); *United States v. Carroll*, 567 F.2d 955, 957 (10th Cir. 1977); *United States v. Awerkamp*, 497 F.2d 832, 835-36 (7th Cir. 1976); *Capitol Products Co. v. Hernon*, 457 F.2d 541, 542-43 (8th Cir. 1972); *United States v. Harmon*, 339 F.2d 354, 359 (6th Cir. 1964).

The invocation of the Fifth Amendment privilege must be "asserted on a question-by-question basis so that the propriety of invoking the privilege can be tested against specific circumstances or questions." *National Life*, 615 F.2d at 598.  The deposing party retains the right to ask the question, the witness may or may not refuse to answer, and the court is then in a position to assess the validity of an asserted privilege and avoid its abuse.

*Id.* at 600.  Without a question and answer, a district court can scarcely be expected to even make even the most preliminary determinations as to the privilege's applicability, *e.g.*, is the claimant "confronted by substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination" [*Marchetti v. United States*, 390 U.S. 39, 53 (1968)] or does the question seek an answer to which the privilege has been waived by the voluntary (even if unintentional) revelation of incriminating facts by the witness [*Rogers v. United States,* 340 U.S. 367 (1951)].  Without the question to which it is asserted, the testimonial privilege has no frame of reference.

While it is true the assertion of the Fifth Amendment privilege "may give rise to an adverse inference against the party claiming its benefits," *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976), it is only to the extent of the particular question which evoked that assertion.  The invocation of the privilege to specific questions allows a party at trial to present that particular assertion, allowing a jury to draw adverse inferences to specific questions and areas of inquiry.  *Rad Servs., Inc. v. Aetna Cas. & Sur. Co.*, 808 F.2d 271 (3d Cir. 1986).  A blanket assertion of the privilege, however, defeats the rights of *both* the witness and the party seeking to introduce the witness' testimony at trial, for without a specific question, how can the court determine to what the inference applies?  To everything the witness could have, would have or should have said?  Even more critical, however, is the situation created by a blanket waiver if the privilege, after initially being invoked, is then later *waived* by the witness during trial.  The trial court is then put in the untenable position of having to decide whether that 11th hour waiver was actually tactical in nature.  "[B]ecause the privilege may be initially invoked and later waived at a time

when an adverse party can no longer secure the benefits of discovery, the potential for exploitation is apparent. Thus, the complications that may arise in civil litigation may be divided into two categories—the consequences of the privilege when properly invoked, and the effects when it is abused causing unfair prejudice to the opposing litigant." *S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187, 191 (3d Cir. 1994). While questions relating to the use of Locane's assertion of the 5th Amendment at trial must await such a trial, as the Magistrate Judge recognized [Transcript of Telephone Conference, August 14, 2015 (*"Transcript"*), annexed hereto as Exhibit "C" at page 6, line 20], the absence of a specific question and a specific answer invoking the privilege handcuffs the trial court judge from being able to make those critical determinations in the future.

## POINT III

### RESPONDING TO QUESTIONS AT HER DEPOSITION AND ASSERTING THE 5TH AMENDMENT DOES NOT ADVERSELY AFFECT LOCANE IN ANY MANNER

Agreeing with Locane, the Magistrate Judge believed that requiring Locane to stand for deposition and assert her 5th Amendment privilege as to those question Locane believed would tend to incriminate her "basically gives Locane at Hobson's choice: Either she maintains her 5th Amendment rights in the hope of prevailing against the criminal charges [on appeal], should there be a retrial. In which case, she basically is put in the position of being unable to defend herself in the civil case on the merits. Or she waives her Fifth Amendment right in order to defend in the civil case, putting herself at risk in the criminal case if there is a remand for a new trial." Transcript at page 6, line 21, through

8

page 7, line 5. The only way in which the Magistrate Judge believed that Locane's 5th Amendment rights could be preserved was by allowing her to invoke a blanket privilege and stay her deposition. Transcript at page 8, lines 19-23.

This was clear error by the Magistrate as a deposition of Locane does not, in any manner, impact her Fifth Amendment rights. Indeed, Locane has the right to invoke her Fifth Amendment rights to any questions which are posed to her, as she has already done in answering interrogatories. The Court's concern that Locane is faced with a Hobson's choice is simply wrong as it based on a series of assumptions which may or may not be true including whether Locane elects to invoke the privilege in the first instance, to what deposition questions she elects to invoke the privilege to and whether the invocation gives rise to an adverse inference against her at the time of trial. In granting the stay, Magistrate Goodman improperly assumed the answers to each of these questions.

On this point, Locane's citation to the Magistrate Judge of *Lewis v. Department of Corrections*, 365 N.J. Super. 503, 506-507 (App. Div. 2004) and *State v. Nunez*, 209 N.J. Super. 127, 132 (App. Div. 1986) is immaterial to the question at hand. Locke Letter at 1. Both *Lewis* and *Nunez* stand for the principle that a defendant convicted in a criminal matter retains his 5th Amendment privilege against self-incrimination until such time as his appellate remedies are exhausted. *Lewis*, 365 N.J. Super. at 506; *Nunez*, 209 N.J. Super. at 132. In the case at bar, however, no one is asking the convicted criminal defendant to testify in derogation of the 5th Amendment. Quite to the contrary, she is being given every right to assert her privilege at her deposition as she did in her interrogatories.

The question then turns to whether or not Locane is being unconstitutionally forced

9

to choose between waiving her 5th Amendment rights and defending herself in this civil lawsuit. Locke Letter at 2. In support of that argument, Locane turned to *Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F.Supp.2d 523 (D.N.J. 1998) and *Continental Insurance Co. v. Securi Enterprises, Inc.*, Civil Action No. 10-4586 (MLC), 2010 WL 5392735 (D.N.J. Dec/ 21, 2010). Locane suggested to the Magistrate Judge that "[t]he reasoning of the courts in *Walsh* and *Continental Insurance Co.* are equally applicable to the facts of the instant case and fully support the conclusion that Ms. Locane should not be forced to submit to a deposition until such time that the appellate remedies have been exhausted." Locke Letter at 2.

This is simply not so. In *Continental Insurance*, the defendant, Securi Enterprises, was one of 110 entities being investigated by the United States Attorney's Office for the Southern District of New York. The subject of the investigation was mail and wire fraud surrounding defendant's involvement in owning and insuring vehicles in the livery industry. The United States Attorney had issued grand jury subpoenas to Securi, Scott Sanders and Marcie Lyn Ury-Sanders, Sanders' wife. In the civil proceeding, Securi and the Sanders, all defendants, sought to stay the civil proceedings and the Sanders to stay their depositions, pending the outcome of the criminal investigation. In addition to Securi's involvement in the investigation, Mr. Sanders' accounting firm was also targeted as well as Mrs. Sanders' insurance agency. 2010 WL 5392735 at *2.

The grant of the stay to the defendants/witnesses in *Continental Insurance* was substantially based on the timing of the criminal and civil actions. While the civil action was already well into the discovery phase, the criminal action had not even begun, *i.e.*,

10

there was not even an indictment pending. The danger was that the use of the inference created by the invocation of the 5th Amendment by the defendants would be dealt with in the civil trial before the criminal case could conclude. While this was sometimes unavoidable, the court found that it was avoidable in this situation through a stay of the civil discovery proceedings.

      Similarly, in *Walsh*, which also involved a pre-indictment investigation by the United States Attorney's Office and a related civil action by one of the victims of the purported fraud, the District Court understood the particular problems presented by "an active parallel criminal investigation." *Walsh*, 7 F.Supp.2d at 527. The court was concerned as to the substantial risk of self-incrimination that interrogatory and deposition discovery posed. *Id.*

      In the case at bar, however, those concerns are entirely mitigated by the pace of the civil proceeding and the advanced stage of the criminal proceeding. In the latter instance, Locane has already been convicted and her appellate brief has been submitted. Only oral argument awaits. Her 5th Amendment rights stand unassailed and, indeed, unprovoked as Locane chose not to testify in her own defense at trial. There is no threat of an unchecked criminal investigation which is in its earliest stages where the defendant cannot even fully know or understand the scope of the potential criminal prosecution and which ultimately may not even actually result in a criminal prosecution at all.

      The civil proceeding, on the other hand, is only at the discovery stage. If Locane chooses to invoke her 5th Amendment privilege - - as she has already done as to some of her interrogatories - - that assertion will be without moment in the criminal proceedings.

The privilege will be just as available should the criminal case "revive" itself in some fashion following her appeal. So long as Locane gives adequate notice and opportunity to Plaintiffs and her co-defendants, she may waive her 5th Amendment privilege before trial if she sees fit to do so. Until trial, the Court need take no position with respect to whether the trial (as opposed to discovery) need be stayed. There is no constitutional right to such a stay of discovery. It is a discretionary decision that needs to be made. *Baxter v. Palmigiano*, 425 U.S. 308, 318-319 (1976). But in light of Locane having already responded selectively to interrogatories – answering certain questions, asserting the work-product rule as to other questions and claiming a 5th Amendment right to not answer as to still other questions – justice does not require staying her deposition. In the final analysis, Locane will be in no better or worse a position with respect to her testimonial privilege than she is today. However, the Court and the parties will have a particular and important understanding of the scope of the privilege asserted.

## POINT IV

### A BALANCING OF THE EQUITIES REVEALS THAT LOCANE STANDING FOR DEPOSITION WILL HAVE NO IMPACT ON HER RIGHTS UNDER THE 5th AMENDMENT AND THE PLAINITFFS ARE SUBSTANTIALLY PREJUDICED

Standing for deposition means only that Locane will appear, answer the questions which she and her counsel determine may be answered and decline to answer others which impact the 5th Amendment. This will produce a record which may, or may not, be germane at trial. If, for instance, Locane's criminal appeal has concluded, she may either determine that the privilege is still active or that it can now be waived. In either case, the Court will

12

issue an appropriate ruling at that time as to those specific questions to which the privilege was asserted that are at issue.

Balanced against this rather straightforward procedure which may or may not be required at some time in the future is the very real and immediate impact on the Plaintiffs of staying Locane's deposition today. Such a stay will halt any trial and require all parties to await the argument and decision of the intermediate appellate court and the briefing, argument and decision in the Supreme Court of New Jersey as well. Indeed, it may well require waiting for the actions of the federal court, either through certiorari proceedings or other collateral attack.

Without hyperbole, the stay sought by Locane and granted by the Magistrate could remain in effect, delaying the trial of this matter, for *years*. Under these circumstances, Plaintiff Fred Seeman, who is now 65 years old, may not see a jury in this case and closure as to his wife's death until he is well into his 70's. All this to "protect" an inchoate claim that perhaps, at some time in the future, Locane's invocation of the 5th Amendment - - which has not happened yet under the rules of this Circuit - - may be used against her in a civil trial, protection which has *no constitutional basis whatsoever. Baxter v. Palmigiano*, 425 U.S. at 318; *Adkins v. Sogliuzzo*, Nos. 14-2649, 14-2761, 2015 WL 4720244 at *5 (3d Cir. Aug. 10, 2015) ["However, '[t]he principle that the invocation of the privilege may not be too 'costly' does not mean that it must be 'costless'' (internal citation omitted) Indeed, the Supreme Court has held that 'it was permissible to draw 'adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them'" (quoting *Baxter v. Palmigiano*)].

In the present case, the Magistrate completely failed to take into account the effect that the granting of a stay of discovery will have upon the Plaintiffs and their rights to have their "day in court". This was clear error by the Magistrate warranting reversal. This matter was filed with this Court almost five years ago and was already stayed for approximately two years during the criminal investigation and trial. To allow for the Plaintiffs' civil case to be stayed again, this time for an indefinite period of time pending multiple layers of appeal, is manifestly unfair to Plaintiffs. This is particularly so where the purported basis for the stay, the protection of Locane's 5th Amendment rights, is, in actuality, not a proper basis for the further grant of a stay in this case.

## CONCLUSION

The Magistrate Judge improperly granted a stay of discovery as it pertains to Defendant Locane's and the Order must be reversed pursuant to Rule 72.

*Respectfully submitted*,

PARKER WAICHMAN LLP
*Attorneys for Plaintiffs*
6 Harbor Park Drive
Port Washington, New York 11050
(516) 466-6500


*/s/ Herbert L. Waichman*
Herbert L. Waichman
A Member of the Firm

Port Washington, New York
August 31, 2015