NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRED L. SEEMAN, Individually, and as Administrator of the Estate of, HELENE K. SEEMAN, and CURTIS JAY ZUKER SEEMAN<br><br>               Plaintiffs,<br><br>v.<br><br>AMY LOCANE and MARK C. BOVENIZER, CARLOS SAGEBIEN, and RACHEL SAGEBIEN,<br><br>               Defendants. | Civ. No. 10-6597<br><br>OPINION |

THOMPSON, U.S.D.J.

### INTRODUCTION

Pending before the Court is Plaintiffs Fred L. Seeman's and Curtis Jay Zuker Seeman's Motion to appeal Magistrate Judge Lois H. Goodman's Order to stay formal discovery as to Defendant Amy Locane.  (ECF No. 114).  Defendants Amy Locane and Mark C. Bovenizer oppose the Motion.  (ECF No. 115).  The Court has decided the Motion after considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b).  For the following reasons, Plaintiffs' Motion is denied.

### BACKGROUND

Plaintiffs filed a Complaint against Defendants Amy Locane and Mark C. Bovenizer on December 20, 2010.  (ECF No. 1).  Plaintiffs alleged the following: On June 27, 2010, Ms. Locane was intoxicated at a social event.  (*Id.* at ¶¶ 40, 58).  Ms. Locane's husband, Mark. C. Bovenizer, witnessed her intoxication, but nevertheless allowed her to drive away in his car.  (*Id.* at ¶¶ 58-60).  Ms. Locane drove erratically, hitting mailboxes, speeding, and eventually hitting

1

Plaintiffs' car.  (*Id.* at ¶¶ 72-78).  Mr. and Mrs. Seeman were both seriously injured, and Mrs. Seeman died from her injuries.  (*Id.* at ¶¶ 78, 83).

On January 31, 2011, this Court ordered Plaintiffs' case be stayed pending the outcome of criminal charges against Ms. Locane.  (ECF No. 17).  On November 27, 2012, Ms. Locane was convicted for causing Mrs. Seeman's death and Mr. Seeman's injuries.  (ECF. No. 27).  This Court lifted the stay on Plaintiffs' case on December 19, 2012.  (ECF No. 33).  Plaintiffs subsequently sought to depose Ms. Locane.  (ECF No. 100).  However, Ms. Locane had appealed her criminal conviction, and therefore requested that her deposition be delayed until the resolution of her appeal, so as not to compromise her Fifth Amendment rights.  (*Id.*).  In a conference call with the parties on August 14, 2015, Magistrate Judge Goodman noted that Ms. Locane faced the possibility of a retrial.  (ECF No. 114-3 at 7).  Magistrate Judge Goodman subsequently ordered formal discovery as to Amy Locane stayed until further Order of the Court. (ECF No. 112).  Magistrate Judge Goodman ordered the parties to continue with limited discovery that would not interfere with Ms. Locane's Fifth Amendment rights.  (*Id.*).

<u>LEGAL STANDARD</u>

Courts have the discretion to stay cases in the interests of justice.  *Walsh Securities, Inc. v. Cristo Property Management, Ltd.* 7 F.Supp.2d 523, 526 (D.N.J. 1998) (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)).  The factors a court will consider in granting a stay in a civil case are:

> 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.

*Id.* at 527.  The first factor is considered the most important.  *Id.*; *Colombo v. Bd. of Educ. for the Clifton Sch. Dist.*, 11-cv-0785, 2011 WL 5416058, at *3 (D.N.J. Nov. 4, 2011).

In considering an appeal of a nondispositive order by a magistrate judge, a reviewing court will modify or vacate an order only if it is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c).  A magistrate judge's finding is clearly erroneous when, after considering the entirety of the evidence, the reviewing court is "left with the definite and firm conviction that a mistake has been committed."  *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.,* 131 F.R.D. 63, 65 (D.N.J. 1990).  A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law.  *Gunter v. Ridgewood Energy Corp.,* 32 F.Supp.2d 162, 164 (D.N.J. 1998).  The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal."  *Marks v. Struble,* 347 F.Supp.2d 136, 149 (D.N.J. 2004).

<u>ANALYSIS</u>

Examining the six *Walsh* factors, the first and most important factor, the extent to which the issues overlap, weighs strongly in favor of staying formal discovery as to Ms. Locane.  The criminal and civil cases deal with the exact same subject matter, that is, Ms. Locane's intoxicated driving leading to Mr. Seeman's serious injuries and Mrs. Seeman's death.  (ECF Nos. 1, 27).  The second *Walsh* factor, the status of the criminal case, also favors a stay.  There is no doubt about whether Ms. Locane will be indicted – she has been convicted, and may face a retrial.  (ECF No. 114-3 at 7).  The third *Walsh* factor, concerning potential prejudice to Plaintiffs and their interest in proceeding expeditiously, is a closer matter.  Plaintiffs' original complaint was filed almost five years ago, and their case was previously stayed during Ms. Locane's criminal proceedings.  (ECF Nos. 1, 17).  The Court is sympathetic to Plaintiffs' desire to not wait out another potentially lengthy stay.  However, Plaintiffs have not said how the delay will prejudice their case.  Discovery has been ongoing, and may continue except for formal discovery as to Ms. Locane.  (ECF No. 112).

The fourth *Walsh* factor, concerning the Defendant's interests, weighs in favor of a stay. Plaintiffs acknowledge that Ms. Locane retains her Fifth Amendment rights until her appellate remedies are exhausted.  (ECF No. 114, Pls.' Br. at 9.)  As Magistrate Judge Goodman noted on a conference call with the parties, without a stay, Ms. Locane would either need to waive her Fifth Amendment rights in order to fully defend herself in the civil action, or remain silent and sabotage her chances of prevailing against Plaintiffs.  (ECF No. 114-3 at 8.)  Courts may force defendants into this choice, but they also may choose to stay civil cases to avoid this scenario. *Walsh*, 7 F.Supp.2d at 528 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976)).  The fifth and sixth *Walsh* factors, regarding the public interest and the interest of the courts, do not weigh heavily in either direction.  Both the public and the courts have an interest in civil cases reaching speedy resolutions, however, both also must be wary of compromising constitutional rights for the sake of expediency.

Considering these factors, it is apparent that Magistrate Judge Goodman's order was not "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c).

<u>CONCLUSION</u>

For the reasons stated herein, Plaintiffs' Motion is denied.  An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.