NOT FOR PUBLICATION

R E C E I V E D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NOV 1 5 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

FRED L. SEEMAN, individually, and as
Administrator of the Estate of HELENE K.
SEEMAN, and CURTIS JAY ZUKER
SEEMAN,

Plaintiffs,

v.

AMY LOCANE and MARK C. BOVENIZER,
CARLOS SAGEBIEN and RACHEL
SAGEBIEN,

Defendants.

AMY LOCANE and MARK C. BOVENIZER,

Defendant/Third Party Plaintiffs,

v.

MAUREEN RUCKELSHAUS,

Third Party Defendant.

CARLOS SAGEBIEN and RACHEL
SAGEBIEN,

Defendant/Third Party Plaintiffs,

v.

MAUREEN RUCKELSHAUS and OFF
BROAD STREET THEATRE,

Third Party Defendants.

Civ. No. 10-6597

**MEMORANDUM ORDER**

THOMPSON, U.S.D.J.

This matter comes before the Court on the Motion to Deposit Funds into Court by

Defendant/Third Party Plaintiff Mark C. Bovenizer ("Defendant Bovenizer") (ECF No. 138).

1

Plaintiffs Fred L. Seeman and Curtis Jay Zuker Seeman ("Plaintiffs") have not opposed

Defendant Bovenizer's motion. The Court has decided the motion after considering Defendant

Bovenizer's submission without oral argument pursuant to Local Civil Rule 78.1(b). For the

reasons stated below, the Court will grant Defendant Bovenizer's motion.

This matter arises from a fatal motor vehicle accident that occurred on June 27, 2010 in

Somerset, New Jersey. (Certification of Linton W. Turner, Jr., Esq. at ¶ 2, ECF No 138-2)

("Turner Certification"). Plaintiffs filed a Complaint against Defendant Amy Locane and her

husband, Mark C. Bovenizer, on December 20, 2010. (ECF No. 1). Plaintiffs allege that on the

date on the accident, Defendant Locane was operating a motor vehicle under the influence of

alcohol and caused severe injuries to Plaintiff Fred Seeman and fatal injuries to Helene Seeman.

(Turner Certification at ¶ 4). At the time of the accident, Defendant Locane was operating a

vehicle owned and insured by Defendant Bovenizer. (*Id.* at ¶ 5). Also at the time of the

accident, Defendant Locane and Defendant Bovenizer were insured by a primary insurance

policy issued to Defendant Bovenizer by Travelers of New Jersey with policy limits of

$500,000.00 per occurrence as well as a personal liability umbrella insurance policy issued by

Travelers of New Jersey with policy limits of $1,000,000.00 per occurrence. (*Id.* at ¶ 6).

A previous lawsuit filed in Superior Court of New Jersey, Somerset County, named

Defendant Locane as a third-party defendant. That lawsuit previously settled, and Defendant

Locane's insurance provider contributed $2,000 from Defendant Locane's insurance policy as

part of the settlement. (*Id.* at ¶ 8). As a result, there is currently $1,498,000.00 remaining on the

insurance policies issued by Defendants' insurance provider. (*Id.* at ¶ 9). Defendants have

offered the remaining policy limits to Plaintiffs to settle Plaintiffs claims against Defendants, but

Plaintiffs have rejected Defendants' offer of settlement. (*Id.* at ¶ 10). Defendant Bovenizer

2

seeks to deposit the remaining policy limits of $1,498,000.00 with the Court pursuant to Fed. R. Civ. P. 67. (*Id.* at ¶ 11).

Fed. R. Civ. P. 67(a) is a "procedural device that was intended to provide a place of safekeeping for disputed funds pending resolution of a legal dispute." *Jarzyna v. Home Properties, L.P.*, 2016 WL 4417277, at *3 (E.D. Pa. Aug 18, 2016) (citations omitted). "The purpose of a deposit in court is to relieve the depositor of responsibility for a fund in dispute while the parties litigate their difference with respect to the fund." *Id.* (quoting James Wm. Moore et al., *Moore's Federal Practice* § 67.02 (3d ed. 2009)). "Thus, while the 'Rule's procedures provide a place of safekeeping for disputed funds pending the resolution of a legal dispute... it cannot be used as a means of altering the contractual relationships and legal duties of the parties.'" *Bowles v. N.Y. Liberty,* 2015 WL 3540602, at *2 (D.N.J. June 1, 2015) (citations omitted). Additionally, "In accepting funds under Rule 67, the Court 'holds the deposit as trustee for the true owner or owners until the Court determines how the funds should be dispersed among the parties to the suit.' The decision whether to allow a Rule 67 deposit is within the Court's discretion." *Jarzyna,* 2016 WL 4417277, at *3 (citations omitted).

Here, Defendant Bovenizer seeks to deposit $1,498,000.00 with the Court. This amount represents the remaining policy limits on Defendant's insurance policy. Defendant Bovenizer's motion is unopposed by Plaintiffs. Defendant Bovenizer simply seeks to deposit the remaining policy limits with the Court pending the ultimate resolution of Plaintiffs claims against Defendants. The Court finds that granting Defendant Bovenizer's motion is an appropriate exercise of its discretion under Fed. R. Civ. P. 67.

For the foregoing reasons and for good cause shown,

IT IS on this 15th day of November, 2016,

3

ORDERED that Defendant Bovenizer's Motion to Deposit Funds into Court (ECF No. 138) is GRANTED; and it is further

ORDRED that the sum of $1,498,000.00 be deposited by the Clerk of Court into the Registry of this Court and then, as soon as the business of his or her office allows, the Clerk of Court shall deposit these funds into the interest-bearing Court Registry Investment System (C.R.I.S.) administered by the Administrative Office of the United States Courts as custodian, pursuant to L. Civ. R. 67.1(a)(2); and it is further

ORDERED that the sum of money so invested in the interest-bearing C.R.I.S. fund shall remain on deposit until further order of this Court at which time the funds, together with interest thereon, shall be retrieved by the Clerk of Court and redeposited into the non-interest-bearing Registry of the Court for disposition pursuant to the further order of the Court; and it is further

ORDERED that the Custodian shall deduct a miscellaneous fee schedule for the handling of registry funds, as authorized by the Judicial Conference of the United States and by Standing Orders of this Court dated June 30, 1989, as amended November 30, 1990, and May 19, 2011, of 10% of the income earned on this account and any subsequent deposit of new principal so deposited while invested in the C.R.I.S.; and it is further

ORDERED that a certified copy of this Order shall be, by Defendant Mark C. Bovenizer, personally served upon the Clerk of the Court, the Chief Deputy of Administration, the Chief Deputy of Operations or Finance Manager.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

4